# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| OAKWOOD HOMES CORPORATION, et al., | ) ) ) | Case No. 02-13396 (PJW) |
| Debtors. | ) | Jointly Administered |
| | ) ) | Re: D.I. 8963 |

## ORDER GRANTING MOTION OF THE OHC LIQUIDATION TRUST TO (I) DEEM CERTAIN PROPERTY UNCLAIMED AND REDISTRIBUTABLE UNDER THE PLAN AND (II) DISALLOW THE CLAIMS OF, AND DENY DISTRIBUTIONS TO, HOLDERS OF ALLOWED CLAIMS WHICH HAVE FAILED TO PROVIDE TAXPAYER IDENTIFICATION INFORMATION

Upon the motion (the "Motion")[1] of the OHC Liquidation Trust (the "Liquidation Trust"), for the entry of an order, under section 105 of title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 3020(d), and the Plan, and the Court having reviewed the Motion; and the Court finding that (i) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and Article XI of the Plan, (ii) this is a core proceeding under 28 U.S.C. § 157(b), (iii) due and sufficient notice of the Motion has been given, and (iv) the Trustee's efforts to locate mailing addresses for the Missing/Invalid Distribution Address Claims were commercially reasonable under the circumstances; and after due deliberation and sufficient cause appearing therefor; and all objections to the Motion having been withdrawn, resolved or overruled; it is **HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED.

2. Notice of the Motion was reasonably calculated to provide the Holders of the Missing/Invalid Distribution Address Claims, the Incorrect Distribution Address Claims, the

---

[1] Capitalized terms not defined herein shall have the meaning given in the Motion.

Uncashed Check Claims, the Unresponsive Claimants with the relief requested by the Motion and satisfied all of the notice requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the District of Delaware.

3. The Missing/Invalid Distribution Address Claims, the Incorrect Distribution Address Claims, the Uncashed Check Claims, the De Minimis Claims, and the Claims of the Unresponsive Claimants constitute Unclaimed Property under the terms of the Plan; provided, however, that notwithstanding the foregoing, the claims of ARC Dealership, Inc., ARC Dealership/Timberwolf, ARC Home Center-KS, and ARC Real Estate Holdings LLC (Placid), Ascot Enterprises, Inc., Bank of America, N.A., Bois Daaquam, Inc., Brad R. Malone, Citicorp Vendor Finance, Inc., Dennis Huwe, Elenor Thompson, Estate of James Camper, Government National Mortgage Association, Hanger Enterprises, Idaho Timber – NC, John Bishop, Landmark Building Products, Inc., Margaret L. Miller, Nordyne Inc., Northcentral Electric Power Association, Reminger & Reminger Co., L.P.A., Santiam Midwest Lumber-OR, Speedy Check #32, Stanion Wholesale Electric Company, U.S. Bank, N.A., Verizon California, Verizon Inc., Verizon North, Verizon South and Verizon Worldcom, Inc. shall not constitute Unclaimed Property.

4. The Trustee shall distribute the Unclaimed Property, on a pro rata basis, to other qualified Holders of Allowed Claims in accordance with the terms and conditions of the Plan and applicable orders of this Court.

5. The Trustee and its agents are authorized to take all actions necessary to effectuate the terms of this order.

6. The Court shall retain jurisdiction to resolve any disputes arising from or related to this order.

Dated: April 27, 2010
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

3508769.1