# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OAKWOOD HOMES CORPORATION, | ) | Case No. 02-13396 (PJW) |
| et al., | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: December 8, 2010 at 11:00 a.m. (ET) |
| | ) | Objection Deadline: November 23, 2010 at 4:00 p.m. (ET) |

## SECOND MOTION OF THE OHC LIQUIDATION TRUST FOR AUTHORIZATION TO (I) DEEM CERTAIN PROPERTY UNCLAIMED AND REDISTRIBUTABLE UNDER THE PLAN AND (II) DISALLOW THE CLAIMS OF, AND DENY DISTRIBUTIONS TO, HOLDERS OF ALLOWED CLAIMS THAT HAVE FAILED TO PROVIDE TAXPAYER IDENTIFICATION INFORMATION

The OHC Liquidation Trust (the "Liquidation Trust"), an entity formed under the Second Amended Joint Consolidated Plan of Reorganization of Oakwood Homes Corporation and its Affiliated Debtors and Debtors-In-Possession, dated February 6, 2004 (the "Plan"), confirmed in the above-captioned cases, hereby moves the Court (the "Supplemental Motion"),[1] under section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 3020(d), and the Plan, for entry of a second order (i) deeming certain Liquidation Trust assets Unclaimed Property and authorizing such Unclaimed Property to be distributed to other Holders of Allowed Claims in accordance with the Plan, (ii) disallowing claims of and denying distributions to Holders of Allowed Claims that have failed to provide the Liquidation Trust with tax identification numbers, and (iii) related relief. In support of the Supplemental Motion, the Liquidation Trust respectfully represents as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

## JURISDICTION

1. The Court has jurisdiction over the Supplemental Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Supplemental Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. The predicates for the relief requested herein are section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3020(d).

## BACKGROUND

3. The Debtors, and their non-debtor affiliates and related parties, formerly designed, manufactured, and marketed manufactured and modular homes.

4. On November 15, 2002 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On March 31, 2004, this Court entered an order (D.I. 3937) confirming the Debtors' Plan (the "Confirmation Order"). The Plan went effective on April 15, 2004 (the "Effective Date"), at which time the Liquidation Trust was formed.

5. The Confirmation Order approved that certain Liquidation Trust Agreement dated as of April 13, 2004 (the "Liquidation Trust Agreement"), and makes clear that the Liquidation Trust is authorized to, among other things, implement the Plan and file pleadings necessary or desirable for the resolution of claims.

6. Under the Plan, the Liquidation Trust has the exclusive responsibility to review and resolve claims asserted against the Debtors' estates and to make distributions to Holders of Allowed Claims. *See* Plan art. 10.1.

7. Section 9.9 of the Liquidation Trust Agreement requires that the Liquidation Trust deduct from distributions "[a]ny federal, state or local withholding taxes or other amounts required to be withheld under applicable law[.]" Similarly, section 8.6 of the Plan

requires that "[a]ny federal, state or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from distributions[.]"

8. In order to enable the Liquidation Trust to make these deductions, the Liquidation Trust Agreement states that "[t]he Liquidation Trustee may require any Beneficiary to furnish to the Liquidation Trustee its social security number or employer or taxpayer identification number as assigned by the IRS and the Liquidation Trustee may condition any distribution to any Beneficiary upon the receipt of such identification number." Liquidation Trust Agreement § 12.7.[2] Further, the Liquidation Trust Agreement requires that [a]ll Holders of Claims . . . provide the Liquidation Trustee with any information necessary to effect the withholding of such taxes." Liquidation Trust Agreement at § 9.9. Section 8.6 of the Plan similarly provides that "All Holders of Claims or Interests shall be required to provide any information necessary to effect the withholding of . . . taxes."

A. Procedural Background

9. On April 6, 2010, the Liquidation Trust filed the Motion of the OHC Liquidation Trust for Authorization to (i) Deem Certain Property Unclaimed and Redistributable under the Plan and (ii) Disallow the Claims of, and Deny Distributions to, Holders of Allowed Claims that have Failed to Provide Taxpayer Identification Information (D.I. 8963) (the "Initial Motion"). The Initial Motion sought to deem certain unclaimed or undeliverable distributions as Unclaimed Property under the Plan that could be redistributed to other creditors.

10. On April 27, 2010, the Court entered an order approving the Initial Motion. (D.I. 8978.)

---

[2] It is important to note that section 6.3(b) of the Plan states that "[t]he beneficiaries of the Liquidation Trust shall be bound by the Liquidation Trust Agreement."

3

11. In order to address certain holders of Convenience Claims that (i) were not addressed by the Initial Motion and (ii) have (w) failed to provide the Liquidation Trust with their TINs, (x) have invalid or incomplete addresses, or (y) failed to cash distribution checks, and to allow the Trustee to make final distributions to creditors and close these cases, the Liquidation Trust is filing this Supplemental Motion.

B. Claims Addressed by the Supplemental Motion

1. Missing/Invalid Distribution Addresses

12. As part of the transfer of the Debtors' assets to the Liquidation Trust, the Liquidation Trust received a database of information from the Debtors regarding the Holders of Claims. Certain of this information, however, was either outdated or incomplete and, therefore, did not provide the Liquidation Trust with adequate information to contact or make distributions to all Holders of Allowed Convenience Claims.[3]

13. In accordance with the Plan, see Plan art. 1.1(207), the Trustee undertook efforts to locate missing Distribution Addresses. Specifically, the Trustee reviewed filed proofs of claim and conducted internet research in an effort to locate certain of the Missing/Invalid Distribution Addresses or contact information for the relevant Holders of Allowed Convenience Claims. Whenever possible, the Trustee also attempted to contact the relevant Holders of Allowed Convenience Claims by telephone to obtain additional address detail.

14. In addition, due to the substantial majority of the Missing/Invalid Distributions Address Claims (as defined below) being scheduled claims, the Trustee spent a

---

[3] The majority of the Missing/Invalid Distribution Address Claims on Exhibit B are scheduled claims whose addresses match prior corporate offices or sales locations of the Debtors. These addresses are the only reasonably available addresses in the Debtors' Books and Records for the Missing/Invalid Distribution Address Claims.

4

significant amount of time with the Debtors' management to compile complete and accurate addresses for holders of the Missing/Invalid Distributions Address Claims. The Trustee also reviewed historical accounts payable sub-ledgers and other company information to locate addresses. Unfortunately, the Debtors' records were incomplete and the Trustee was unable to find accurate and complete addresses for a significant number of Holders of Allowed Convenience Claims (the "Missing/Invalid Distribution Address Claims"). In the aggregate, the Missing/Invalid Distribution Address Claims amount to $374,226.25 (spread across eight hundred and seventy-four (874) Allowed Convenience Claims).[4]

15. A true and correct list of the names and claim amounts of Holders of Missing/Invalid Distribution Address Claims is attached hereto as Exhibit B.

2. Missing Federal Taxpayer Identification Numbers ("TINs")

16. In some situations, even when the Trustee had names and Distribution Addresses of Holders of Allowed Convenience Claims, the Trustee did not have, and the claimants failed to provide, the claimant's TIN. In accordance with sections 12.7 and 9.9 of the Liquidation Trust Agreement and section 8.6 of the Plan, the Liquidation Trust requires a claimant's TIN to allow it to comply with federal, state and local withholding laws.

17. On multiple occasions the Trustee or its agents sought missing TINs from Holders of Allowed Convenience Claims by distribution of W-9 forms requesting the TIN information to the last known address for each claimholder for which a TIN was not available. Although many Holders of Allowed Convenience Claims provided the Trustee with their TINs, a large number of Holders of Convenience Claims failed to provide this information (the

---

[4] The average Allowed Convenience Class Claim Amount for each of the Missing/Invalid Distribution Address Claims is $428.18, which is entitled to an average distribution of $107.04 under the Plan.

5

"Unresponsive Claimants"). In the aggregate, the claims of the Unresponsive Claimants amount to $877,371.79 (spread across one thousand seventy-three (1,073) Allowed Convenience Claims). A true and correct list of the names, last known mailing addresses, and claim amounts of the Unresponsive Claimants is attached hereto as Exhibit C.

3. Distribution Checks Not Cashed

18. The Trustee has also issued and mailed checks to a large number of Holders of Allowed Convenience Claims that were not returned as undeliverable but were never negotiated by the claimants (the "Uncashed Check Claims"). In the aggregate, the Uncashed Check Claims amount to $407,539.93 (spread across four hundred forty-three (443) Allowed Convenience Class Claims). A true and correct list of the names, last known mailing addresses, and claim amounts of the Holders of Uncashed Check Claims is attached hereto as Exhibit D.

**RELIEF REQUESTED**

19. The Liquidation Trust seeks entry of an order, under section 105 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3020(d), and the Plan (i) deeming funds held by the Trust on account of the Missing/Invalid Distribution Address Claims, the Uncashed Check Claims, and the claims of the Unresponsive Claimants to be Unclaimed Property and authorizing such Unclaimed Property to be distributed to other qualified Holders of Allowed Claims in accordance with the Plan.

**BASIS FOR RELIEF**

20. Under the Plan, this Court has continuing jurisdiction to ensure that distributions contemplated by the Plan are made and to issue orders aiding execution or implementation of the Plan. *See* Plan art. 11.2. Federal Rule of Bankruptcy Procedure 3020(d) similarly permits the Court, after confirmation of a chapter 11 plan of reorganization, to "issue any other order necessary to administer the estate." Furthermore, section 105(a) of the

Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Any one of these grounds supports the relief requested in this Supplemental Motion.

### A. The Missing/Invalid Distribution Address Claims, the Uncashed Check Claims, and the Claims of the Unresponsive Claimants Constitute Unclaimed Property Under the Plan

21. The distributions that the Trust would make on account of the Missing/Invalid Distribution Address Claims, Uncashed Check Claims, and the claims of the Unresponsive Claimants should be deemed to be Unclaimed Property.

22. The Plan defines "Unclaimed Property" as:

> any Cash or other distributable property unclaimed for a period of ninety (90) days after it has been delivered (or attempted to be delivered) in accordance with the Plan to the Holder entitled thereto in respect of such Holder's Allowed Claim. Unclaimed Property shall, without limitation, include: (a) checks (and the funds represented thereby) mailed to a Distribution Address and returned as undeliverable without a proper forwarding address; (b) funds for uncashed checks; and (c) checks (and the funds represented thereby) not mailed or delivered because no Distribution Address to mail or deliver such property was available, not withstanding efforts by the Liquidation Trust . . . to locate such address which were commercially reasonable under the circumstances. Distributions of cash that otherwise would be payable under the Plan to a Holder but for Section [8.11] of the Plan that never, collectively, exceed fifty dollars ($50.00) as described in Section [8.11] and for which a request is not made within the one (1) year deadline shall become Unclaimed Property.

Plan art. 1.1(207).

23. As evidenced by the definition of "Unclaimed Property," the Plan clearly foresees that the Missing/Invalid Distribution Address Claims,[5] and the Uncashed Check Claims would constitute Unclaimed Property.

---

[5] As described above in paragraphs 13 and 14, the Trustee has undertaken significant efforts to locate valid addresses for the Holders of the Missing/Invalid Distribution

24. Additionally, the Liquidation Trust submits that the distributions that would be made to the Unresponsive Claimants if they had complied with the terms of the Plan should also be deemed Unclaimed Property. First, the plain language of the Plan provides that the examples of Unclaimed Property in Plan art. 1.1 are non-exclusive and, thus, may include the distributions to Unresponsive Claimants. Plan art. 1.1 (stating that "Unclaimed Property shall, without limitation include . . . ."). Second, the Unresponsive Claimants' distributions should be deemed Unclaimed Property because the Liquidation Trust attempted to deliver this property to the Unresponsive Claimants but was unable to do so as a result of the Unresponsive Claimants' refusal to comply with the Plan's and Liquidation Trust Agreement's terms. As noted above, the Plan and Liquidation Trust Agreement require that claimants provide the Liquidation Trustee with their TINs to allow the Liquidation Trustee to deduct withholding taxes from their distributions. Liquidation Trust Agreement § 9.9; Plan § 8.6. The Unresponsive Claimants' refusal to provide their TINs to the Liquidation Trustee has made the Unresponsive Claimants' distributions undeliverable.

25. Under these circumstances, the distributions that would otherwise be paid to the Unresponsive Claimants have been "unclaimed" for a period of more than ninety days as a result of the Unresponsive Claimants' refusal to comply with the Plan. Accordingly, these distributions should be deemed to be Unclaimed Property under the Plan.

---

Address Claims. The Trustee submits that these efforts were more than commercially reasonable under the circumstances, particularly in light of the low dollar amount of the Missing/Invalid Distribution Address Claims (which have a projected average distribution of $107.04) and satisfy the requirements of the Plan.

8

B.   **As Unclaimed Property, the Missing/Invalid Distribution Address Claims, the Uncashed Check Claims, and the Claims of the Unresponsive Claimants Should be Redistributed In Accordance with the Terms of the Plan**

26.   Because the Missing/Invalid Distribution Address Claims, the Uncashed Check Claims, and the Claims of the Unresponsive Claimants constitute Unclaimed Property, the Court should enter an order authorizing the Trustee to redistribute these claimants' distributions to other Holders of Allowed Claims.

27.   The Plan directs that such Unclaimed Property "shall be forfeited by the Holder entitled thereto, whereupon all rights, titles and interests in and to the Unclaimed Property shall immediately and irrevocably revest in . . . the Liquidation Trust . . .and such Unclaimed Property shall be Ratably distributed to the other Holders of Allowed Claims in the same Class (or group of Classes)." Plan art. 8.4 (defining "Unclaimed Distributions").

28.   In accordance with Article 8.4 of the Plan, the Court should authorize the Trustee to distribute to other qualified Holders of Allowed Claims the total amount of Unclaimed Property remaining in the Liquidation Trust's corpus that would otherwise be distributed to the Missing/Invalid Distribution Address Claims, the Uncashed Check Claims, and the claims of the Unresponsive Claimants.

## NOTICE

29.   Notice of this Supplemental Motion has been provided to the Office of the United States Trustee for the District of Delaware; to the Unresponsive Claimants and the Holders of Uncashed Check Claims by first-class U.S. Mail[6]; and to all other parties requesting

---

[6]   Because of the futility in doing so, the Trustee has not provided first-class U.S. Mail notice of this Supplemental Motion to the Holders of Missing/Invalid Distribution Address Claims.

notice under Bankruptcy Rule 2002. The Liquidation Trust respectfully submits that such notice is adequate and that no further notice is necessary.

WHEREFORE, the Liquidation Trust requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A, (i) deeming funds held by the Trust on account of the Missing/Invalid Distribution Address Claims, the Uncashed Check Claims, and the Unresponsive Claimants to be Unclaimed Property and authorizing such Unclaimed Property to be distributed to other qualified Holders of Allowed Claims in accordance with the Plan, and (ii) granting such other relief as the Court deems just and proper.

Dated: November 9, 2010
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Derek C. Abbott (No. 3376)
Curtis S. Miller (No. 4583)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

*Counsel to the OHC Liquidation Trust*

3804163.2