# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OAKWOOD HOMES CORPORATION, | ) | Case No. 02-13396 (PJW) |
| et al., | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | Re: D.I. 9001 |

## ORDER GRANTING MOTION TO APPROVE FINAL ACCOUNTING, DISCHARGE OF LIQUIDATION TRUSTEE, DESTRUCTION OF BOOKS & RECORDS, AND TERMINATION OF THE OHC LIQUIDATION TRUST

Upon the motion (the "Motion")[1] of the OHC Liquidation Trust (the "Trust"), by and through its undersigned counsel, for entry of an order pursuant to, inter alia, sections 105(a) and 554 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving (i) the final accounting under that certain Liquidation Trust Agreement dated April 14, 2004 (the "LTA"), (ii) discharge of the Liquidation Trustee (the "Trustee"), (iii) destruction of books and records, (iv) termination of the Trust (the "Final Accounting Motion"), and (v) certain related matters; and it appearing that the relief requested in the Motion is in the best interest of the Trust and its beneficiaries; and the Court finding that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion having been due and sufficient under the circumstances; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Final Accounting is hereby APPROVED.

3. The Trust is authorized to abandon, destroy and/or dispose of the Books and Records without complying with any Retention Laws; provided, however, that to the extent that any of the Books and Records contain personally identifiable information, the Trustee will destroy such records in accordance with applicable law.

4. The Trustee is authorized, in its sole discretion, to sell, assign, and/or otherwise dispose of the Returned Distributions.

5. The Trustee is authorized, following the final distribution, to donate any remaining and undistributable assets of the Trust under the terms of the Plan to a charity of its choice.

6. The Trustee, TAC, and their respective members, attorneys, and advisors, have fully and faithfully acquitted all of their duties and responsibilities under the Bankruptcy Code and the LTA, bear no liability to the estates or any party-in-interest in connection with these cases, and any claims assertable against the Trustee, TAC, and/or their respective members, attorneys, and advisors in connection with these cases are fully released.

7. Section 5.1 of the LTA, which provides as follows, shall remain in full force and effect:

> Neither the Liquidation Trustee, the members of the [TAC], nor any director, officer, affiliate, employee, employer, professional, agent or representative of the Liquidation Trustee or any member of the [TAC] shall be liable for losses, claims, damages, liabilities or expenses in connection with the affairs of the Liquidation Trust to any Holder of a Claim or Interest or Beneficiary of the Liquidation Trust, or any other person, for the acts or omissions of the Liquidation Trustee or the [TAC]; provided, however, that the

foregoing limitation shall not apply to any losses, claims, damages, liabilities or expenses suffered or incurred by any Holder of a Claim or Interest or Beneficiary that are found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence or willful misconduct of the Liquidation Trustee, the [TAC] or any director, officer, affiliate, employee, employer, professional, agent or representative of the Liquidation Trustee or any member of the [TAC].

8. Following completion of the final distribution, the closing of these cases, and a determination by the Trustee that it has completed any remaining obligations under the LTA and Plan (a) the Trustee, its agents, employees, and advisors are hereby relieved of and discharged from performing any further duties under the LTA and the Plan, and (b) the Trust shall be terminated.

9. The terms of this Order shall be immediately effective and enforceable upon its entry, notwithstanding any applicability of Bankruptcy Rule 6004(h).

10. The Court shall retain jurisdiction to resolve any disputes arising from or related to this order.

Dated: Jan. 2 4, 2018
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

3494349